**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2642-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MITCHELL A. DELACRUZ,
a/k/a DELA, and ARKINSON
MITCHELL,

    Defendant-Appellant.

_____

Argued April 1, 2025 – Decided April 17, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-03-0515.

Monique Moyse, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Monique Moyse, on the brief).

Deepa S. Y. Jacobs, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; Deepa S. Y. Jacobs, of counsel and on the brief).

PER CURIAM

Defendant Mitchell Delacruz appeals from a March 17, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues his trial counsel was ineffective for failing to properly advise him about his cooperation agreement, conduct an adequate investigation, review discovery with him, discuss the case, and file a motion to suppress evidence. He asserts that that ineffective assistance caused him to plead guilty to drug charges. Defendant also contends his trial counsel was ineffective for failing to argue for a lower sentence under the Gerns[1] cooperation agreement. Having conducted a de novo review, we affirm.

I.

On August 18, 2016, members of the Tennessee Drug Enforcement Administration (DEA) 23rd Judicial Drug Task Force (JDTF) conducted an investigation in Tennessee. The investigation revealed a 1995 Ford tractor-trailer associated with a Florida corporation was transporting a black BMW M4 bearing an Arizona registration, which was being shipped to the Hasbrouck

---

[1]  State v. Gerns, 145 N.J. 216, 227-28 (1996) (holding that defendant's cooperation must provide substantial benefit to the State in order to justify waiver in whole or in part of mandatory parole ineligibility for certain drug offenses).

Heights Hilton (Hilton). The BMW was registered to defendant out of Tempe, Arizona. A search of the BMW in Tennessee had yielded three kilograms of suspected cocaine.

JDTF members contacted Task Force Officer John Dalton of the DEA, New Jersey Division about the investigation and destination of the BMW. In response, Dalton contacted Detective Michael Perez of the Bergen County Prosecutor's Office, Narcotics Task Force (BCPO) for assistance. A controlled delivery of the BMW at the Hilton was planned. Law enforcement sought to identify additional drug co-conspirators and locations in New Jersey. In preparation for the controlled delivery, Dalton and Perez met with Special Agent James Mann in Tennessee. Perez took possession of the three suspected kilograms of cocaine seized from defendant's BMW, replaced it with three kilograms of simulated cocaine, and placed the BMW back into transport on the tractor-trailer to New Jersey.

On August 19, 2016, BCPO and DEA detectives were advised the BMW was being shipped to defendant as the receiver at the Hilton. Defendant drove up to the Hilton in a gray Honda Accord, which was registered to Jose N. Rivera-Nunez in Cliffside Park. Defendant signed a receipt with the tractor-trailer driver for his BMW, drove it to the Hilton's parking lot, opened the trunk,

inspected the interior panels of the trunk, and left the BMW unattended. Defendant was driven away in the Honda Accord.

Following mobile surveillance, DEA and BCPO detectives conducted an investigative motor vehicle stop of the Honda Accord in Hackensack. Defendant and his nephew Jose Delacruz were in the vehicle at the time. Detectives observed a green handbag containing a large sum of money on the rear passenger seat floor. Defendant was provided with a BCPO consent to search vehicle form in Spanish and gave his consent to search the Honda Accord, as well as his BMW. Defendant and Jose Delacruz were read their Miranda[2] rights, waived their right to have an attorney present during questioning, and agreed to cooperate with law enforcement.

Defendant was arrested for possession with intent to distribute cocaine. Jose Delacruz told the detectives that defendant was visiting from Arizona to film a music video and wanted to store money and a bag in Delacruz's apartment safe in Lodi while visiting for safekeeping, which Delacruz agreed to allow. Jose Delacruz consented to a search of his apartment, which led to a large sum of money and suspected heroin being found in his safe.

---

[2] Miranda v. Arizona, 364 U.S. 436 (1966).

A-2642-22

Defendant was transported to BCPO headquarters in Paramus for questioning. Defendant stated he had flown from Phoenix, Arizona and had placed his BMW on the tractor-trailer to be used in a music video in New Jersey. Defendant acknowledged that "a narcotics connection" in Phoenix had placed the three kilograms of cocaine in the BMW trunk and that he received the cocaine "on consignment."

Defendant explained that he was going to meet "Coride," a contact in Paterson, and sell three kilograms of cocaine in exchange for $90,000. Defendant stated that he would have to pay $85,000 to his connection in Phoenix, thus receiving $5,000 for his involvement. Defendant did not disclose the names of his narcotics contacts in Phoenix or Paterson.

Defendant also admitted that the heroin found in his nephew's safe was given to defendant by "Coride" to hold while they were in the process of receiving the kilograms of cocaine. Defendant claimed that his nephew was not involved in the drug distribution scheme. Testing confirmed the quantity of heroin recovered from the safe was approximately twelve ounces.

Thereafter, defendant was indicted for five crimes: first-degree possession of heroin with the intent to distribute, N.J.S.A. 2C:35-5(a)(l) and (b)(l) (count one); third-degree possession of heroin, N.J.S.A. 2C:35-l0(a)(l)

(count two), second-degree conspiring to possess cocaine with intent to distribute, N.J.S.A. 2C:5-2, N.J.S.A. 2C:35-5(a)(1), and (b)(1) (count three); second-degree attempted possession of cocaine with intent to distribute, N.J.S.A. 2C:5-1, N.J.S.A. 2C:35-5(a)(l), and (b)(1) (count four); and third-degree money laundering, N.J.S.A. 2C:21-25 (count five).

On June 1, 2017, defendant entered into a cooperation witness agreement, under Gerns in which he agreed to plead guilty to count one in exchange for an eighteen-year term of imprisonment, subject to fifty-four months parole ineligibility under the Brimage[3] guidelines, with the possibility of a lower sentence if he cooperated with law enforcement. On August 7, 2017, defendant pled guilty to count one with the sentencing recommendation as stated.

Thereafter, defendant failed to cooperate with law enforcement and did not appear for sentencing. A bench warrant issued, and he was arrested out-of-state and extradited back to New Jersey. On November 30, 2018, defendant was sentenced in accordance with the plea agreement. The four other counts of the indictment were dismissed.

---

[3] State v. Brimage, 153 N.J. 1, 23 (1998) (holding that prosecutors must follow certain guidelines when offering plea agreements under N.J.S.A. 2C:35-12 that waive the mandatory minimum sentence specified for an offense under the Comprehensive Drug Reform Act of 1987, N.J.S.A. 2C:35-1 to 36A-1).

Defendant filed a direct appeal contending his sentence was excessive. On September 23, 2020, we heard the matter on the Sentencing Oral Argument (SOA) calendar under Rule 2:9-11. We remanded the matter to the trial court for reconsideration and recalculation of the Brimage guidelines under N.J.S.A. 2C:35-12 and permitted defendant to argue for additional jail credits on remand.

On June 8, 2021, the sentencing court—also the PCR court—reduced defendant's Brimage sentence to thirty-six months and maintained the original eighteen-year term of imprisonment. On October 27, 2021, this court affirmed the sentencing court's decision on the SOA calendar. On March 16, 2022, defendant filed a pro se PCR petition. PCR counsel was appointed and filed a brief.

On February 7, 2023, the PCR court conducted oral argument on defendant's PCR petition. On March 17, 2023, the PCR court entered an order denying the petition without an evidentiary hearing and issued a written opinion explaining its reasons for rejecting defendant's petition.

The PCR court found that defendant failed to establish a prima facie case of ineffective assistance of trial counsel. The PCR court determined that defendant failed to demonstrate that his trial counsel's performance was "defective." The PCR court rejected defendant's claim that trial counsel was

ineffective for not filing a motion to suppress evidence and statements because during his plea allocution, defendant voluntarily gave up those rights. The PCR court also rejected defendant's claim that he "was pressured" into pleading guilty because he did not provide the PCR court with the necessary "facts outside the trial record" to support his argument. The PCR court determined defendant was aware of discovery and the State's proofs implicating him in the crime to which he pled guilty. Further, the PCR court emphasized defendant's "bald assertions" were not supported by the record and defendant never objected to his trial counsel "securing the best plea deal for him."

Defendant now appeals from the order denying his petition and presents the following sole argument for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL PRETRIAL, THEREBY CAUSING HIM TO PLEAD GUILTY AND EXPOSING HIM TO A HIGHER THAN NECESSARY TERM WHEN HE OTHERWISE WOULD HAVE PROCEEDED TO TRIAL.

II.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div.

8

2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) he

or she establishes "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." Porter, 216 N.J. at 354 (alteration in original).

In making that showing, a defendant must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10(b). Thus, to obtain an evidentiary hearing on a PCR petition based on claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

Having conducted a de novo review, we agree with the PCR court's rejection of all of defendant's arguments. In short, defendant did not establish that his trial counsel was ineffective. Moreover, defendant did not establish any prejudice under prong two of the Strickland test. In that regard, we add the following comments.

Here, the record belies defendant's arguments. In fact, defendant's plea allocution makes clear the State's efforts to seek his cooperation in light of defendant's awareness of the discovery and evidence against him implicating him in the crimes. When defendant pled guilty, he testified that he knowingly

and voluntarily entered into the plea agreement and voluntarily gave up his rights. Moreover, at his plea allocution, defendant did not dispute he signed two consent to search forms—one for the BMW and the other for the Honda Accord—and that he gave recorded statements to law enforcement admitting to possession of heroin in his nephew's safe and describing his drug distribution activities. Defendant also testified that his trial counsel answered all of his questions and that he was satisfied with his representation.

The record shows that defendant understood his guilty plea was based on the Gerns cooperation agreement and that he could receive "a substantially lesser sentence" if he had been compliant. Instead, defendant absconded and failed to appear for sentencing, further evidencing his "complete understanding" of the consequences of the plea agreement.

Having reviewed the record, we conclude, as did the PCR court, that defendant's various claims of ineffective assistance of counsel do not meet either the performance or prejudice prong of the Strickland/Fritz test. To the extent we have not expressly addressed any arguments made in support of defendant's appeal, we have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2642-22